

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBIN C. DALTON,

            Plaintiff,

v.                                                           Civil Action No. 3:13CV317

COMMERCIAL RECOVERY SYSTEMS, INC.,
SERVE:  Secretary of the Commonwealth
           1111 East Broad Street, 4th Floor
           Richmond, Virginia 23219

            Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, Venue in this District is proper in that the defendant transacted business in this state and the plaintiff chooses to bring this action here.

### III. PARTIES

3. Plaintiff, Robin C. Dalton (Mrs. Dalton), is a natural person residing in Evington, Virginia.

4. Defendant Commercial Recovery Systems, Inc. is a corporation engaged in the business of collecting debts in this state with its principal place of business located in Dallas, Texas. One of the principal purposes of Commercial Recovery Systems, Inc. is the collection of debts using the mails and telephone and it regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a (6).

### *IV. FACTUAL ALLEGATIONS*

6. Prior to 2005 Mrs. Dalton began using a GE Money credit card that was issued to her, accumulated certain charges, and was paying those bills through the use of her husband's income since he was employed and she was disabled. In March, 2005 her husband lost his job and was not rehired. They struggled paying their bills and both became disabled and lived then, and now, solely on their Social Security payments. They could not keep up with the credit card payments and in 2006 made their last payment on the GE Money credit card. The debt was apparently sold by GE Money to a debt collector, Oxford Law, LLC, and eventually sold to the defendant.

7. On November 8, 2012 Mrs. Dalton received two phone calls from an employee of the defendant, who called himself, "John Thomas". "Mr. Thomas" demanded that the debt be paid. When Mrs. Dalton told him her financial situation and that they were only living on Social Security, he scolded her for having no morals since she was not paying her debts, he told her that his company would be taking her to court, and that if the plaintiff thought Social Security would save her she was wrong since the

Social Security laws had been changed, and they could freeze it and take 35% of her income. He told her that she would pay him, one way or another. This frightened Mrs. Dalton, who said she would call back. She did not.

8. On November 28, 2012, another collector for the defendant called, a woman, whose name is unknown, who scolded her for not calling back, and told her that she left them no choice but to take her to court. She also told Mrs. Dalton, "You're going to pay us, one way or the other."

9. A third abusive call was made in which the female collector for the defendant got very angry with the plaintiff since she would not agree to make any payments on this debt and advised that the defendant was going to take her to court and, "get their money before she could get to the kitchen".

10. The calls caused Mrs. Dalton significant worry. She was already disabled, and at this time, due to the worsening financial situation and her husband's worsening health, caused her anxiety, depression, and distress. Consequently she experienced chest pains, loss of appetite, and loss of sleep. This was reported to the staff and her physician, Dr. Daniel Breland, at Lynchburg Family Medicine, where she sought treatment.

11. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Engaging in debt collection attempts, such as the statements about Mrs. Dalton not having morals, and that her Social Security would be frozen and 35% of it taken, the natural consequence of which was to abuse and scare the plaintiff and hopefully cause her to pay something to the defendant. §1692d (2).

b) Threatening to take legal action that cannot be taken or is not intended to be taken by telling Plaintiff that she would be taken to court and her Social Security frozen and 35% of it taken. §1692e (5).

c) Threatening to take non-judicial action to the effect of dispossessing Mrs. Dalton from her Social Security checks, which are exempt from attachment by a creditor.

12. As a result of the acts alleged above, plaintiff suffered actual damages including physical ailments, embarrassment, and emotional distress.

## V. FIRST CLAIM FOR RELIEF

13. Plaintiff repeats, realleges, and incorporates by reference the preceding paragraphs

14. Defendant violated the FDCPA as noted above.

15. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for plaintiff's actual damages, statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the defendant for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

D. For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Respectfully submitted,

**ROBIN C. DALTON,**

Counsel for Plaintiff

John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 fax
jgayle@theconsumerlawgroup.com

Counsel for Plaintiff