

FILED

AUG 3 0 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBIN C. DALTON,

Plaintiff,

v.

Civil Action No.  3:13cv317

COMMERCIAL RECOVERY SYSTEMS, INC.,

Defendant.

## ORDER
### (Granting Plaintiff's Motion for Default Judgment)

THIS MATTER is before the Court on Plaintiff, Robin C. Dalton's Motion for Judgment by Default and affidavits in support thereof, filed on August 20, 2013.  Defendant, Commercial Recovery Systems, Inc., has not opposed Plaintiff's Motion and the time to respond has now expired.

Plaintiff filed suit in this Court on May 20, 2013 alleging multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.  Specifically, she claims she received numerous harassing telephone calls concerning a GE Money credit card, from numbers associated with the Defendant debt collection company, during which Defendant's employees (1) Engaged in debt collection attempts, such as the statements about Mrs. Dalton not having morals, and that her Social Security would be frozen and 35% of it taken, the natural consequence of which was to abuse and scare the plaintiff and hopefully cause her to pay something to the defendant.  §1692d (2); (2) Threatened to take legal action that could not be taken or was not intended to be taken by telling Plaintiff that she would be taken to court and her

Social Security frozen and 35% of it taken. §1692e (5); and (3) Threatened to take non-judicial action to the effect of dispossessing Mrs. Dalton from her Social Security checks, which are exempt from attachment by a creditor.

Plaintiff's Complaint seeks statutory damages in the amount of $1,000.00, actual damages in the amount of $5,000.00, as well as her costs and attorney's fees pursuant to §1692k.

The Clerk having entered Defendant's default on July 2, 2013 and upon consideration of the grounds set forth in Plaintiff's affidavit, Plaintiff's Motion for default judgment is GRANTED. The Court has considered the factors set forth in §1692k(b)(a), including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. §1692k(b)(1). Mindful of "the goal of Congress to deter unfair debt collection practices," as well as the Fourth Circuit's "lack of judicial tolerance for failure to comply with the FDCPA," Creighton v. Emporia Credit Serv., Inc., 981 F. Supp. 411, 417 (E.D. Va. 1997) (citing Miller v. Payco-Gen. Am. Credits, 943 F.2d 482 (4th Cir. 1991) and United States v. Nat'l Fin. Servs., Inc., 98 F.3d131 (4th Cir. 1996), this Court finds an award of statutory damages to be appropriate in this matter. Therefore, pursuant to Fed. R. Civ. P. 55(b)(2), it is hereby ORDERED that default judgment is entered against the Defendant Commercial Recovery Systems, Inc.in the amount of $1,000.00, as provided by §1692k(a)(2)(A) and actual damages in the amount of $5,000.00.

Defendant shall also be required to pay Plaintiff's reasonable costs, expenses and attorney's fees in the amount of $3,248.00 for a total default judgment against Commercial Recovery Systems, Inc. in the amount of $9,248.00.

It is so ORDERED.

Richmond, Virginia
Date: August 2̶9̶, 2013

_____ /s/ _____ REP _____
Robert E. Payne
Senior United States District Judge